IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHUCK SAUER and                          CASE NO.  02-CV-2123 GEB CMK
SANDRA SAUER,

    Plaintiffs,

vs.                                      ORDER

USA, et al,

    Defendants.
_____/

    Following the entry of final judgment in the above-referenced matter, Plaintiffs filed two motions seeking further post-judgment relief.  On March 21, 2005, Plaintiffs filed a document entitled "Motion to Dismiss the Government's Counter-complaint" ("Motion to Dismiss").  On March 30, 2005, Plaintiffs filed a document entitled "Request for 20 Day Extension to Request for Reconsideration by District Court Magistrate Judge's Ruling" ("Request for Extension").

    On March 16, 2005, this Court adopted the findings and recommendations of the Magistrate Judge and entered its order granting Defendants' motion for summary judgment ("Order").  Final judgment ("Judgment") on said Order was entered the same day.   Plaintiffs contend that they did not receive either the

1

Order or Judgment, and now request additional time to file a motion for reconsideration.

## Motion to Dismiss

Plaintiffs' Motion to Dismiss involves a post judgment request to dismiss a cause of action set forth in Defendants' counterclaim.  This motion will be denied as moot since final judgment has already been entered which necessarily resolved all remaining issues in this action.

## Request for Extension

In Plaintiffs' Request for Extension, they seek additional time to seek reconsideration of the court's Order and Judgment. It is not necessary, however, for this court to address Plaintiffs' request for additional time to file a motion for reconsideration, since the Clerk of the Court is ordered to reserve plaintiffs with the Order (Document Entry # 103) and the Judgment (Document Entry #104).  By so doing, Plaintiffs' opportunity to file post-judgment motions under the Local Rules and the Federal Rules of Civil Procedure will begin from the date of reservice.  Plaintiffs are cautioned, however, that to prevail on a motion for reconsideration, a party must comply  with the provisions of Local Rule 78-230(k).  See also, In re Arrowhead Estates Development Co., 42 F.3d 1306, 1311 (9th Cir. 1994); Amesco Exports, Inc. v. Associated Aircraft Mfg. & Sales, Inc. 87 F. Supp. 2d 1013 (C.D. Cal., 1997), citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986) and  Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985).

       IT IS HEREBY ORDERED:


       1.   Plaintiffs' Motion to Dismiss is denied.
       2.   The Clerk  of the Court is ordered to reserve the Order
(Document # 103) and the Judgment (Document Entry #104) upon
Plaintiffs.
       3.   Plaintiffs' Request for Extension is denied without
prejudice for the reasons herein stated.  Any time period
afforded Plaintiffs to file post-judgment motions under the Local
Rules and the Federal Rules of Civil Procedure shall commence
upon the reservice of Documents #103 and # 104.
Dated:  April 29, 2005


                              /s/ Garland E. Burrell, Jr.
                              GARLAND E. BURRELL, JR.
                              United States District Judge